Gregory B. Collins (#023154)
Sean J. O'Hara (#024749)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kflawaz.com
sjo@kflawaz.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Rillito River Solar, LLC dba EcoFasten Solar, an Arizona limited liability company,

Plaintiff,

v.

Wencon Development, Inc. dba Quick Mount PV, a California corporation,

Defendant.

Case No.

**COMPLAINT**

Plaintiff Rillito River Solar, LLC, doing business as EcoFasten Solar ("EcoFasten"), for its complaint against defendant Wencon Development, Inc., doing business as Quick Mount PV ("Quick Mount"), alleges as follows:

**NATURE OF THE ACTION**

This is a patent infringement action. EcoFasten and Quick Mount manufacture and market roof mounts for solar panels. In the relatively new residential solar panel market, Plaintiff EcoFasten is the market leader. EcoFasten has developed unique, novel and innovative inventions that allow solar panels to be installed on roofs while avoiding roof leaks and roof degradation that are associated with other solar panel roof mounts. EcoFasten holds U.S. Patents, issued as early as 2003, protecting its roof mount

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

inventions.

Defendant Quick Mount willfully infringes EcoFasten's patents by making, using, selling, and offering to sell roof mounts that misappropriate EcoFasten's novel and innovative patented inventions. EcoFasten brings this action to enjoin Quick Mount from infringing its patents and to recover damages adequate to compensate for infringement, including but not limited to a reasonable royalty, and treble damages for Quick Mount's willful infringement. Further, Quick Mount should be made to disgorge its illegal profits made through infringing EcoFasten's patents.

## PARTIES

1. EcoFasten is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

2. Quick Mount is a California corporation with its principal place of business in Contra Costa County, California.

## JURISDICTION

3. This Court has subject matter jurisdiction over EcoFasten's claims under 28 U.S.C. §§ 1331 and 1338(a) because this action is for patent infringement and arises under the patent laws of the United States, Title 35, Sections 271 *et seq.* of the United States Code.

4. Quick Mount ships and sells products nationwide, including in Arizona.

5. Quick Mount advertises its products nationwide, including in Arizona.

6. Quick Mount maintains a network of distributors nationwide that stock its products, including at least three distributors in Arizona.

7. As a result, this Court has personal jurisdiction over Quick Mount.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because a substantial part of the events or omissions giving rise to EcoFasten's claims occurred in this District.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

## FACTS

**EcoFasten's principal invents novel roof mounts for snow guards and solar panels.**

9. In the 1990s, Brian C. Stearns was a roofer specializing in slate roofs, working primarily in New England.

10. Mr. Stearns frequently installed snow guards on roofs to prevent snow from falling off roofs in large quantities, which can cause property damage and personal injury.

11. Installation of snow guards typically involves drilling holes in the roof in order to mount the guard. Holes naturally increase a roof's susceptibility to leaks.

12. Mr. Stearns observed a need for a new kind of roof mount that would be substantially leak proof. He began experimenting with possible solutions.

13. Ultimately, Mr. Stearns (along with Alan L. Stearns) developed a unique leak-proof roof mount. The invention includes in relevant part (but is not limited to): a roof mount, comprising: (1) a base member including a protrusion extending from a first surface of the base member, the base member including a connecting element; (2) an attachment mount defining a hollowed region for receiving the protrusion to form a compression fitting, wherein a substantially leak proof assembly is formed when the attachment mount is coupled to the base member by the connecting element with a sealing material placed between the attachment mount and the base member and the connecting element extends through the sealing material; and (3) a spacer for extending the base member to a roof surface, the spacer including a hollow base stand.

14. The Stearns' invention is described in the duly and legally issued U.S. Patent No. 6,526,701 (the "'701 Patent").

15. In the mid-2000s, solar panel installers started calling Mr. Stearns to ask if his roof mounts and flashings could be used for installing rooftop solar arrays.

16. Mr. Stearns responded to the market need by forming EcoFasten and marketing his mounts to the solar industry. The '701 Patent has been validly assigned to the company.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

17. Meanwhile, Mr. Stearns continued to innovate superior roof mounts for snow guards and solar panels.

18. Working with Alexander G. Bornemann, Mr. Sterns developed a new tile roof mount. The invention includes in relevant part (but is not limited to): a roof mounting system mounted to roofing tile, operable to support one or more components on the roof, comprising (1) a first bracket portion including a first elongate portion, a first hook portion and a first leg opposite the first hook portion, the first hook portion configured to engage a first side of the roofing tile, (2) a second bracket portion including a second elongate portion, a second hook portion and a second leg opposite the second hook portion, the second hook portion configured to engage a second side of the roofing tile; (3) a slotted plate engageable with the first and the second legs to connect the first and the second bracket portions, and (4) a standoff configured to support one or more components on the roof.

19. Mr. Stearns and Mr. Bornemann's invention is described in the duly and legally issued U.S. Patent No. 9,010,038 (the "'038 Patent").

20. Like the '701 Patent, the '038 Patent has been validly assigned to EcoFasten.

21. Mr. Stearns also worked with Douglas Lounsbury to develop another new roof mount iteration. This invention includes in relevant part (but is not limited to): a roof mount assembly for mounting a structure to a roof, the roof comprising at least one rafter and a substrate at least partially covering at least one rafter, the roof mount assembly comprising (1) flashing configured to be positioned on the substrate, the flashing including a first surface configured to be located adjacent the substrate and a second surface opposite the first surface, the first and second surfaces defining a projection that is configured to extend away from the substrate in response to being positioned on the substrate, the projection including an aperture extending therethrough, (2) a bracket configured to be positioned on the second surface with the projection received by an aperture of the bracket, the bracket is configured to be coupled to the structure, (3) a fastener extending through the apertures of the bracket and the flashing,

the fastener configured to secure the bracket to the flashing and the substrate, (4) a washer configured to form a water-tight seal to inhibit flow of fluid through the aperture of the flashing to the substrate, the washer including a first portion, a second portion, and an aperture extending through the first and second portions, and (5) the fastener extends through the aperture of the washer such that the washer is positioned between the fastener and the bracket.

22. Mr. Stearns and Mr. Lounsbury's invention is described in the duly and legally issued U.S. Patent No. 9,422,723 (the "'723 Patent").

23. Like the '701 Patent and the '038 Patent, the '723 Patent has been validly assigned to EcoFasten. The '701 Patent, the '038 Patent, and the '723 Patent are collectively referenced herein as "the EcoFasten Patents."

24. EcoFasten currently manufactures and sells products embodying each of its novel and innovative patented inventions. These products are marked with the relevant patent number, providing notice to the public (including defendant Quick Mount) of EcoFasten's patented inventions.

**Quick Mount infringes the EcoFasten Patents.**

25. Quick Mount is a competitor of EcoFasten. It started selling roof mounts in the mid-2000s, after Mr. Stearns had already patented his first novel, innovative and unique roof mount.

26. Among Quick Mount's products is the QBlock line of products.

27. The QBlock line uses all of the same elements as the apparatus patented in the '701 Patent, including (but not limited to) the fact that it is a roof mount, comprising: (1) a base member including a protrusion extending from a first surface of the base member, the base member including a connecting element; (2) an attachment mount defining a hollowed region for receiving the protrusion to form a compression fitting, wherein a substantially leak proof assembly is formed when the attachment mount is coupled to the base member by the connecting element with a sealing material placed between the attachment mount and the base member and the connecting element extends

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

through the sealing material; and (3) a spacer for extending the base member to a roof surface, the spacer including a hollow base stand.

28. Also among Quick Mount's products is the Quick Rack Rail-Free Mounting System.

29. The Quick Rack Rail-Free Mounting System uses all of the same elements as the apparatus patented in the '723 Patent, including (but not limited to) the fact that it is a roof mount assembly four mounting a structure to a raftered roof with substrate at least partially covering the at least one rafter, comprising (1) a flashing configured to be positioned on the substrate, the flashing including a first surface configured to be located adjacent the substrate and a second surface opposite the first surface, the first and second surfaces defining a projection that is configured to extend away from the substrate in response to being positioned on the substrate, the projection including an aperture extending therethrough, (2) a bracket configured to be positioned on the second surface with the projection received by an aperture of the bracket, the bracket is configured to be coupled to the structure, (3) a fastener extending through the apertures of the bracket and the flashing, the fastener configured to secure the bracket to the flashing and the substrate, (4) a washer configured to form a water-tight seal to inhibit flow of fluid through the aperture of the flashing to the substrate, the washer including a first portion, a second portion, and an aperture extending through the first and second portions, and (5) the fastener extends through the aperture of the washer such that the washer is positioned between the fastener and the bracket.

30. Quick Mount's also manufactures the Conduit Mount for Tile.

31. The Conduit Mount for Tile uses all of the same elements as the apparatus patented in the '038 Patent, including (but not limited to) the fact that it is a roof mounting system mounted to roofing tile, operable to support one or more components on the roof, comprising (1) a first bracket portion including a first elongate portion, a first hook portion and a first leg opposite the first hook portion, the first hook portion configured to engage a first side of the roofing tile, (2) a second bracket portion including

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

a second elongate portion, a second hook portion and a second leg opposite the second hook portion, the second hook portion configured to engage a second side of the roofing tile; (3) a slotted plate engageable with the first and the second legs to connect the first and the second bracket portions, and (4) a standoff configured to support one or more components on the roof.

**COUNT ONE: INFRINGEMENT OF THE ’701 PATENT**

32. EcoFasten incorporates by reference the previous allegations in the complaint.

33. The ’701 Patent is valid and enforceable.

34. Quick Mount has, without authority, consent, right or license, and in direct infringement of the ’701 Patent, made, used, offered for sale, and/or sold apparatus protected by the ’701 Patent.

35. Quick Mount has actual notice of the ‘701 Patent. This notice was provided on each and every EcoFasten product that embodies the patented invention. Despite having notice of the Patent, Quick Mount continues to manufacture and sell its infringing products. Quick Mount’s infringing conduct is therefore: willful, intentional, unlawful and, upon information and belief, will continue unless enjoined by this Court.

36. EcoFasten has no adequate remedy at law for the harm caused by Quick Mount’s acts.

37. EcoFasten has suffered monetary damages in an amount to be proven at trial.

38. EcoFasten is entitled to an accounting by Quick Mount of funds comprising all revenues received through the commercial exploitation of its infringing products, the imposition of a constructive trust for the benefit of EcoFasten for all such funds in the custody or control of Quick Mount, the assessment of a reasonable royalty for Quick Mount’s use of EcoFasten’s invention, and to all other damages to which EcoFasten may be entitled.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

**COUNT TWO: INFRINGEMENT OF THE ’038 PATENT**

39. EcoFasten incorporates by reference the previous allegations in the complaint.

40. The ’038 Patent is valid and enforceable.

41. Quick Mount has, without authority, consent, right or license, and in direct infringement of the ’038 Patent, made, used, offered for sale, and/or sold apparatus protected by the ’038 Patent.

42. EcoFasten has no adequate remedy at law for the harm caused by Quick Mount’s acts.

43. EcoFasten has suffered monetary damages in an amount to be proven at trial.

44. EcoFasten is entitled to an accounting by Quick Mount of funds comprising all revenues received through the commercial exploitation of its infringing products, the imposition of a constructive trust for the benefit of EcoFasten for all such funds in the custody or control of Quick Mount, the assessment of a reasonable royalty for Quick Mount’s use of EcoFasten’s invention, and to all other damages to which EcoFasten may be entitled.

**COUNT THREE: INFRINGEMENT OF THE ’723 PATENT**

45. EcoFasten incorporates by reference the previous allegations in the complaint.

46. The ’723 Patent is valid and enforceable.

47. Quick Mount has, without authority, consent, right or license, and in direct infringement of the ’723 Patent, made, used, offered for sale, and/or sold apparatus protected by the ’723 Patent.

48. EcoFasten has no adequate remedy at law for the harm caused by Quick Mount’s acts.

49. EcoFasten has suffered monetary damages in an amount to be proven at trial.

50. EcoFasten is entitled to an accounting by Quick Mount of funds comprising all revenues received through the commercial exploitation of its infringing products, the

imposition of a constructive trust for the benefit of EcoFasten for all such funds in the custody or control of Quick Mount, the assessment of a reasonable royalty for Quick Mount's use of EcoFasten's invention, and to all other damages to which EcoFasten may be entitled.

**JURY DEMAND**

EcoFasten requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, EcoFasten prays for relief and judgment against Quick Mount, as follows:

A. For a judicial determination and a declaration that the EcoFasten Patents are valid and enforceable;

B. For a preliminary and then permanent injunction issued against Quick Mount, its agents, officers, directors, employees, attorneys, successors and assigns, all parent and subsidiary entities, and all those acting for or on the behalf of Quick Mount, or in active concert, participation, or combination with them, including customers and distributors, prohibiting Quick Mount from:

i. Continuing acts of infringement of the EcoFasten Patents;

j. Making, using, selling, and/or importing infringing products, to include any colorable imitation thereof; and

k. Otherwise infringing up the EcoFasten Patents.

C. A judicial determination and a declaration that Quick Mount has infringed the EcoFasten Patents under 35 U.S.C. § 271, and final judgment incorporating the same;

D. That an Order issue from this Court requiring Quick Mount, its officers, agents, servants and employees, to deliver up to this Court for destruction all articles and materials infringing upon the EcoFasten Patents and all materials for reproducing such infringing products;

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

E. That Quick Mount be required to file with the Court within thirty (30) days after entry of an injunctive order or final judgment a written statement under oath setting forth the manner in which Quick Mount has complied with the order or final judgment;

F. Directing Quick Mount to account for, and awarding to EcoFasten, all gains and profits realized through, and damages caused by, Quick Mount's manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion or display of its products infringing upon the EcoFasten Patents, and Quick Mount's total profit realized thereby;

G. Awarding EcoFasten its damages sustained due to Quick Mount's infringement of the EcoFasten Patents;

H. In the alternative, ordering Quick Mount to pay EcoFasten all profits, gains, and advantages Quick Mount has received or obtained from their unlawful conduct, in an amount to be determined at trial;

I. In the alternative, that a reasonable royalty for Quick Mount's infringement be awarded to EcoFasten pursuant to 35 U.S.C. § 284;

J. That, due to Quick Mount's willful infringement, Quick Mount be ordered to pay EcoFasten treble damages and EcoFasten's reasonable attorneys' fees and experts' fees pursuant to 35 U.S.C. § 285;

K. An award of the costs of this action, including pre- and post-judgment interest, pursuant to 35 U.S.C. § 284; and

L. For such other and further relief as this Court deems necessary, just and proper under the circumstances.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

DATED this 23rd day of September, 2016.

KERCSMAR & FELTUS PLLC

By: *s/ Gregory B. Collins*

Gregory B. Collins
Sean J. O'Hara
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Attorneys for Plaintiff