WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rillito River Solar LLC dba EcoFasten Solar, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Wencon Development Incorporated dba Quick Mount PV, a California corporation,<br><br>Defendant. | No. CV-16-03245-PHX-DLR<br><br>**ORDER** |

Before the Court are Defendant Wencon Development Incorporated d/b/a Quick Mount PV's ("Quick Mount") motion for leave to amend its answer and motion to dismiss or, in the alternative, to transfer venue. (Docs. 40, 45.) The motions are fully briefed and neither party requested oral argument. For reasons stated below, the motions are granted and this case is transferred to the Northern District of California.

**I. Background**

Plaintiff Rillito River Solar LLC d/b/a EcoFasten Solar ("EcoFasten") and Quick Mount manufacture and market roof mounts for solar panels. At issue is technology used to secure solar panels to roofs in a manner that avoids damage. EcoFasten, which claims to be the inventor of this technology, filed a complaint against Quick Mount in September 2016, alleging that Quick Mount infringes on its patents. (Doc. 1.) In its complaint, EcoFasten alleged that venue is proper in this district because a substantial

part of the events or omissions giving rise to its claims occurred here. (¶ 8.)

In November 2016, Quick Mount filed an answer to EcoFasten's complaint and counterclaimed for declaratory judgments that EcoFasten's patents are invalid. (Doc. 12.) In response to EcoFasten's venue allegation, Quick Mount responded that it "lacks information and belief sufficient to answer these allegations and on that basis neither admits nor denies them." (*Id.* at 2 ¶ 8.) With respect to its counterclaims, Quick Mount alleged that venue is proper in this district. (*Id.* at 8 ¶ 3.)

EcoFasten later filed an amended complaint alleging additional claims related to the patents at issue. (Doc. 16.) Like its predecessor, EcoFasten's amended complaint alleges venue is proper in this district. (¶ 8.) In December 2016, Quick Mount filed an answer to the amended complaint. (Doc. 21.) In response to EcoFasten's venue allegation, Quick Mount responded that it "lacks information and belief sufficient to answer these allegations and on that basis denies them." (*Id.* at 2 ¶ 8.) Though Quick Mount denied EcoFasten's venue allegation, it did not at that time move under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue, or to transfer this case to the proper venue.

The parties thereafter proceeded to litigate. In February 2017, the Court issued a scheduling order setting certain case management deadlines. Of note, the Court set a March 1, 2017 deadline for amending pleadings, deadlines running from March 17, 2017 to July 14, 2017 for claims construction disclosure, discovery, and briefing, and a *Markman* hearing for August 11, 2017. (Doc. 29 ¶¶ 2-12.)

During this time, on May 22, 2017, the United States Supreme Court issued its decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), which made clear that a corporation "resides" only in its state of incorporation for purposes of 28 U.S.C. § 1400(b), the patent venue statute. In doing so, the Supreme Court affirmed its 1957 decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957), and reversed the Federal Circuit's 1990 decision in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (1990), by clarifying that the patent

venue statute, not the general venue statute, 28 U.S.C. § 1391(c), defines where a domestic corporation "resides" for purposes of patent infringement litigation. In *Fourco*, the Supreme Court held that § 1400(b) was the sole and exclusive provision controlling venue in patent infringement actions, and that it was not to be supplemented by the general venue provisions of § 1391(c). 353 U.S. at 229. In 1988, however, Congress amended § 1391(c) to provide that "[f]or purposes of venue under this chapter," a defendant corporation shall be deemed "to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Two years later, the Federal Circuit in *VE Holding* held that the newly added phrase "[f]or purposes of venue under this chapter" was "exact and classic language of incorporation" and therefore § 1391(c), as amended, established the definition for all other venue statutes, including § 1400(b): "On its face, § 1391(c) clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides' in that section." 917 F.2d at 1578-80. *VE Holding* remained good law for nearly 30 years until it was abrogated by *TC Heartland* in late May of this year.

On July 28, 2017—approximately two months after the Supreme Court issued its *TC Heartland* decision, and two weeks after the completion of claims construction briefing—Quick Mount filed the present motion under Rule 12(b)(3) to dismiss for improper venue or, alternatively, to transfer this case to the Northern District of California, Quick Mount's state of incorporation. (Doc. 40.) Relatedly, on August 5, 2017, Quick Mount moved for leave to amend its answer to deny that venue is proper, rather than deny based on insufficient knowledge or belief. (Doc. 45.) EcoFasten opposes both requests. (Doc. 42, 49.)

On August 9, 2017, after receiving full briefing on Quick Mount's motion to dismiss (but before full briefing on its motion for leave to amend), the Court held a telephonic status conference to discuss the impending *Markman* hearing. The Court advised the parties, based on its preliminary review of the briefs, that it likely would grant Quick Mount's motion and transfer this matter to the Norther District of California.

(Doc. 48.) Though understanding that the Court's assessment was preliminary, the parties agreed that August 11, 2017 *Markman* hearing should be vacated pending resolution of the venue issue.

**II. Motion for Leave to Amend**

Quick Mount has moved for leave to amend its answer to affirmatively deny that this district is a proper venue. (Doc. 45.) Because Quick Mount's motion comes five months after the Scheduling Order's deadline for amended pleadings, it must first satisfy Rule 16(b)'s good cause standard. Fed. R. Civ. P. 16(b)(4) (providing that deadlines established in a scheduling order "may be modified only for good cause and with the judge's consent."). "Good cause" exists when deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If good cause supports deviation from the scheduling order, the Court then assesses the propriety of the motion for leave to amend by considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the pleading previously has been amended. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

**A. Good Cause Supports Deviation from the Scheduling Order**

Good cause supports deviation from the scheduling order because Quick Mount's improper venue defense was not available to it until after the Supreme Court issued its decision in *TC Heartland* in late May of this year. *In Re Micron Tech., Inc.*, --- F.3d ---, 2017 WL 5474215, at *3-6 (Fed. Cir. Nov. 15, 2017) ("The venue objection was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or to transfer for lack of venue."); *see also OptoLum, Inc. v. Cree, Inc.*, No. CV-16-03828-PHX-DLR, 2017 WL 3130642, at *3-5 (D. Ariz. July 24, 2017) (same). Accordingly, Quick Mount could not have met the March 1, 2017 deadline for amending pleadings

even with due diligence.

**B. The Proposed Amendment is Proper and Advances the Interests of Justice**

EcoFasten argues that Quick Mount's proposed amendment is futile and would be prejudicial because Quick Mount has waived its improper venue defense by: (1) failing to preserve it in a pre-answer motion or in its initial answer, (2) filing a counterclaim, and (3) otherwise litigating this matter in the two months between the Supreme Court's *TC Heartland* decision and the filing of its motion to dismiss. The Court disagrees.

**1. Quick Mount Adequately Preserved the Improper Venue Defense**

"Rule 12(g) operates in conjunction with Rule 12(h) to require that all defenses permitted to be raised by motion, which are then available, must be included in the same motion[.]" *Bromfield v. McBurney*, No. C07-5226RBL-KLS, 2009 WL 674517, at *5 (W.D. Wash. Mar. 12, 2009). Specifically, Rule 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h) further provides that a party waives any defense listed in Rule 12(b)(2)-(5) by "omitting it from a motion in the circumstances described in Rule 12(g)(2)" or by failing to "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(A)-(B). In other words, a defendant "who does not initially raise certain [available] defenses—lack of personal jurisdiction, improper venue, improper process, and improper service of process—cannot invoke those defenses later on." *Paleteria La Michoacana v. Producto Lacteos*, 905 F. Supp. 2d 189, 192 (D.D.C. 2012). Although Rule 15(a)(2) provides for liberal amendment of pleadings, the language of Rule 12(h) establishes that this amendment procedure is not available to raise the defense of improper venue under Rule 12(b)(3) (or the other defenses listed above) if the defense was available to the party at the time it filed the initial pleading. *See id.*; *Bromfield*, 2009 WL 674517, at *5.

As an initial matter, the Court is not convinced that Quick Mount failed to preserve its improper venue defense in its answer. In response to the venue allegation in

EcoFasten's original complaint, Quick Mount responded that it "lacks information and belief sufficient to answer these allegations and on that basis neither admits nor denies them." (Doc. 12 at 2 ¶ 8.) Quick Mount's initial response functionally was an admission that venue is proper. Fed. R. Civ. P. 8(b)(6). But EcoFasten's original complaint and Quick Mount's original answer are not the operative pleadings in this case. EcoFasten later amended its complaint, and Quick Mount was entitled to answer that amended complaint as a matter of course. In its answer to EcoFasten's amended complaint, Quick Mount denied based on lack of knowledge or information that venue in this district is proper. (Doc. 16 at 2 ¶ 8.) Quick Mount's operative answer to EcoFasten's venue allegation therefore has the effect of a denial. Fed. R. Civ. P. 8(b)(5). Regardless, however, the Court has granted Quick Mount's motion for leave to amend its answer to clearly deny that venue in this district is proper, thereby mooting this portion of EcoFasten's argument.

Assuming, however, that Quick Mount's operative answer does not adequately preserve its venue objection, the Court finds that Quick Mount has not waived the defense within the meaning of Rule 12(h) because the defense was not available to Quick Mount at the time it filed its answers to the original and amended complaints. *See In Re Micron Tech.*, 2017 WL 5474215, at *3-6; *OptoLum,* 2017 WL 3130642, at *3-5.

The Court also is not convinced that Quick Mount was required to raise the improper venue defense in a pre-answer motion. Strictly speaking, Rule 12(b) states that a motion to dismiss for improper venue "must be made before pleading if a responsive pleading is allowed." "[D]espite this seemingly unambiguous mandatory language, courts are split on allowing post-answer motions to dismiss, and no bright-line rule against allowing such a motion exists in the Ninth Circuit." *Yocum v. Rockwell Med. Techs., Inc.*, No. 12-CV-568-MMA(MDD), 2012 WL 2502701, at *2 (S.D. Cal. June 27, 2012). "Indeed, district courts in this Circuit have heard post-answer motions to dismiss despite . . . the mandatory language in Rule 12(b)." *Id.* (citing *Vineyard v. Soto*, No. 10-CV-1481-SI, 2011 WL 5358659 (D. Or. Nov. 7, 2011); *Moreno-Garcia v. Yakima Police*

*Dep't*, No. CV-09-3123-EFS, 2010 WL 4386481 (E.D. Wash. Oct. 27, 2010)). The Court agrees, particularly under these circumstances, that "[i]mproper venue may be challenged in a post-answer motion to dismiss as long as the objection was preserved in the answer." *Jaliwa v. Concerned Citizens of S. Cent. L.A.*, No. 06cv2617 BTM(LSP), 2007 WL 2021818, at *2 (S.D. Cal. July 10, 2007).

### 2. Quick Mount's Counterclaim is not a Waiver of the Venue Defense

Quick Mount's assertion of a counterclaim against EcoFasten does not amount to a waiver of its improper venue defense. Generally, "mere assertion of a counterclaim will not waive a defense of improper venue that was explicitly asserted in an answer filed contemporaneously with the counterclaim." *Hillis v. Heineman*, 626 F.3d 1014, 1018 (9th Cir. 2010). Though Quick Mount did not explicitly assert an improper venue defense in its answer filed contemporaneously with the counterclaim, it denied that venue is proper. Moreover, "[t]he trend in more recent cases is to hold that no Rule 12(b) defense is waived by the assertion of a counterclaim, whether permissive or compulsory." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1397 (3d ed. 2004) (cited favorably by the Ninth Circuit in *Hillis*, 626 F.3d at 1018).

Further, there is some authority suggesting that the law of the Federal Circuit, and not of the regional circuit, governs waiver of defenses unique to patent law. *See Rates Tech Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307-08 (Fed. Cir. 2005) (applying Federal Circuit law to determine whether objections to personal jurisdiction were waived by assertion of counterclaims). At least one district court has concluded that "determination of venue in light of § 1400(b) is necessarily unique to patent law because the statute itself is unique to patent law." *Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-190, 2017 WL 2957882, at *1 (E.D. Tex. July 11, 2017). If the assertion of a counterclaim does not waive a personal jurisdiction defense so long as Rule 12(h)(1) has been satisfied, the Court sees no reason why the same would not hold true for an improper venue defense.

### 3. Post-*TC Heartland* Litigation Does Not Preclude Amendment

Finally, the procedural posture of this case is closer to *OptoLum* than to other cases finding waiver. In those cases that found waiver of an improper venue defense post-*TC Heartland*, the defendant sought to raise the venue defense late in the litigation. For example, the defendant in *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15cv21, 2017 WL 2556679, at *2 (E.D. Va. June 7, 2017), challenged venue only a few weeks before trial. That court explicitly denied "any postponement of the trial to conduct further proceedings regarding venue[.]" *Id.* at *4. Similarly, the defendants in *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *19 (E.D. Tex. June 20, 2017), raised the venue defense "less than two months from trial." *See also Navico,* 2017 WL 2957882, at *2 (finding waiver after claim construction and only two months before trial).

Although the Court acknowledges that a certain degree of prejudice will result from transferring this matter to the Northern District of California, given that the parties already have briefed the claims construction issues, this case is not so far along to justify continued litigation in the wrong venue. Moreover, the Court mitigated further and more substantial prejudice by vacating the *Markman* hearing pending resolution of the venue dispute.

Quick Mount has not previously amended its answer to EcoFasten's amended complaint, and the Court does not find that the proposed amendment is brought in bad faith or to unduly delay these proceedings. Rather, the proposed amendment is brought in reaction to *TC Heartland*, which "affected a sea change in the law of venue for patent cases." *OptoLum*, 2017 WL 3130642, at *2 (quotation and citation omitted). For these reasons, Quick Mount's motion for leave to amend its answer is granted.

### III. Motion to Dismiss or, in the Alternative, to Transfer Venue

Preliminarily, EcoFasten argues that Quick Mount's motion to dismiss should be stricken because Quick Mount failed to meet and confer with EcoFasten before filing it. On September 27, 2016, the Court issued a standard order discouraging motions to dismiss pursuant to Rule 12(b). Specifically, and in relevant part, the Court ordered:

> [T]he parties must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided. Consequently, motions to dismiss must be accompanied by a notice of certification of conferral indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment. . . . Motions to dismiss that do not contain the required certification are subject to be stricken on the Court's motion.

(Doc. 7.) EcoFasten correctly notes that Quick Mount's motion to dismiss does not include the required certificate of conferral.

The Court's order, however, is intended to discourage the filing of motions to dismiss based on defects that are readily curably by a permissible amendment. The order therefore is aimed primarily at motions brought under Rule12(b)(6). Indeed, the most recent version of the Court's standard order, which is publicly available on the Court's website at http://www.azd.uscourts.gov/judges/judges-orders, now specifies that the meet and confer obligations apply only to motions to dismiss pursuant to Rule 12(b)(6). Although the order issued in this case is an older, less precise version, the Court nonetheless finds that the spirit of the order has not been violated here. Moreover, Quick Mount's failure to strictly comply with the order is harmless because no party argues that the venue defect identified by Quick Mount is curable by a permissible amendment. Accordingly, the Court will not strike Quick Mount's motion.

On the merits, there is no dispute that this case currently is being prosecuted in an improper venue. Quick Mount is incorporated in California, not Arizona. Thus, under 28 U.S.C. 1400(b) and *TC Heartland*, this district is not the proper venue for this case.[1] "Given the lack of venue, the Court has discretion to dismiss this case or, in the interest of justice, transfer it to a district where it could have been brought." *Medbox Inc. v.*

---

[1] Section 1400(b) provides that a patent infringement suit may be brought in the judicial district where the defendant resides (meaning, where the defendant is incorporated), "or where the defendant has committed acts of infringement and has a regular and established place of business." Neither party argues that venue is proper under this latter provision. The Court therefore does not address it.

*Kaplan*, No. CV-13-00949-PHX-GMS, 2013 WL 6094577, at *4 (D. Ariz. Nov. 20, 2013) (citing 28 U.S.C. § 1406(a)). There is no dispute that this action could have been brought in California. Rather than dismiss the action, the Court will exercise its discretion to transfer the case to the District Court for the Northern District of California.

**IT IS ORDERED** as follows:

1. Quick Mount's motion for leave to amend its answer (Doc. 45) is **GRANTED**. Quick Mount shall file its amended answer within **14 days** of the date of this order.

2. Quick Mount's motion to dismiss or, in the alternative, to transfer venue (Doc. 40) is **GRANTED**. The Clerk is directed to transfer this action to the Northern District of California, Oakland Division.

Dated this 20th day of November, 2017.

Douglas L. Rayes
United States District Judge